IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  0:15-2379-MBS |
| ) | |
| T-N-T OF YORK COUNTY, INC., ) | |
| TM TRUCKING OF THE CAROLINAS, LLC, ) | |
| and TONY MCMILLAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT**

The United States of America, by and through undersigned counsel, complains and alleges as follows:

1.  The United States brings this action to enjoin T-N-T of York County, Inc., TM Trucking of the Carolinas, LLC, and Tony McMillan (the "Defendants") from further violation of and interference with the administration of the internal revenue laws.

2.  Plaintiff, United States of America, seeks to permanently restrain and enjoin the Defendants from:

    (a)  failing to pay over to the Internal Revenue Service federal taxes withheld from employee wages,

    (b)  failing to make timely federal employment and unemployment tax deposits and payments to the IRS,

    (c)  failing to file timely federal employment and unemployment tax returns,

    (d)  assigning any property or making any disbursements until all required taxes that accrue after the injunction date are paid to the IRS,

    (e) owning or operating any new or unknown company or business within five years without notifying the IRS,

    (f) failing to notify the IRS of their future employment tax conduct, and

    (g) failing to provide proof to the IRS of their compliance with the injunction.

  3. This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

  4. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345.

  5. Defendant Tony McMillan resides in York County, South Carolina, within the jurisdiction of this Court.

  6. Defendant T-N-T of York County, Inc., is a domestic corporation incorporated in the state of South Carolina with its principal place of business in Rock Hill, South Carolina. Its registered agent for service of process is Tony McMillan.

  7. Defendant TM Trucking of the Carolinas, LLC, is a domestic limited liability company incorporated in the state of South Carolina with its principal place of business in Rock Hill, South Carolina. Its registered agent for service of process is Tony McMillan.

  8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities accrued and continue to accrue in this district and the Defendants reside in this district.

MATERIAL FACTS

A.  The Unpaid Tax Liabilities of Tony McMillan's Business

9.   On July 20, 1999, T-N-T of York County, Inc. (EIN XX-XXX3572) was incorporated as a for-profit business in the state of South Carolina. It has been operated by Tony McMillan as a dump truck business that hauls construction materials since at least 2008. Beginning with the period ending September 30, 2009, T-N-T consistently failed to timely pay its federal employment (Form 941) and federal unemployment (Form 940) taxes. On December 19, 2011, Tony McMillan incorporated TM Trucking of the Carolinas, LLC (EIN XX-XXX1224), and continued operating the business under the name of T-N-T, but began to file its tax returns under the new entity's EIN. Since its inception, TM Trucking has failed to fully and timely pay its Form 941 and Form 940 tax liabilities and has failed to timely file many of its federal employment and unemployment tax returns. McMillan's business has significant federal Form 940 and Form 941 taxes that remain unpaid from periods beginning in 2009, as described in more detail below.

10.  On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against T-N-T (EIN XX-XXX3572) the Form 941 taxes for the tax periods indicated, plus applicable penalties and interest:

| Tax Period Ending | Date of Assessment | Tax | Interest | Penalties |
|---|---|---|---|---|
| 03/31/2010 | 06/21/2010 | $ 47,413.03 | $ 270.95 | $ 4,741.30  * |
|  |  |  |  | $    474.13 ** |
|  | 07/26/2010 |  |  | $ 2,370.65  * |
|  | 11/21/2011 |  |  | $ 7,586.08 ** |
|  | 11/19/2012 |  |  | $ 3,793.05 ** |

| | | | | | |
|---|---|---|---|---|---|
| 06/30/2010 | 09/20/2010 | $ 74,149.20 | $ 415.44 | $ 7,412.70 | * |
| | | | | $ 741.27 | ** |
| | 10/25/2010 | | | $ 3,706.36 | * |
| | 11/21/2011 | | | $ 9,636.54 | ** |
| | 11/19/2012 | | | $ 8,153.99 | ** |
| 9/30/2010 | 12/20/2010 | $ 87,708.11 | $ 481.89 | $ 8,770.81 | * |
| | | | | $ 877.08 | ** |
| | 01/31/2011 | | | $ 4,385.41 | * |
| | 11/21/2011 | | | $ 8,332.27 | ** |
| | 11/19/2012 | | | $10,524.97 | ** |
| | 11/25/2013 | | | $ 2,192.70 | ** |
| 12/31/2010 | 03/28/2011 | $ 60,934.59 | $ 281.10 | $ 6,093.46 | * |
| | | | | $ 609.35 | ** |
| | 05/02/2011 | | | $ 3,046.73 | * |
| | 11/19/2012 | | | $11,882.24 | ** |
| | 11/25/2013 | | | $ 2,742.06 | ** |
| 03/31/2011 | 06/13/2011 | $ 55,444.95 | $ 267.98 | $ 5,544.49 | * |
| | | | | $ 554.45 | ** |
| | 07/18/2011 | | | $ 2,772.25 | * |
| | 11/19/2012 | | | $ 9,148.41 | ** |
| | 11/25/2013 | | | $ 4,158.37 | ** |
| 06/30/2011 | 09/19/2011 | $ 79,916.83 | $ 439.08 | $ 7,991.68 | * |
| | | | | $ 799.17 | ** |
| | 10/24/2011 | | | $ 3,995.84 | * |
| | 11/19/2012 | | | $10,788.77 | ** |
| | 11/25/2013 | | | $ 8,391.27 | ** |
| 09/30/2011 | 01/02/2012 | $ 87,989.15 | $ 456.74 | $ 8,798.91 | * |
| | | | | $ 1,319.84 | ** |
| | 02/06/2012 | | | $ 4,399.46 | * |
| | 11/25/2013 | | | $19,357.61 | ** |
| 12/31/2011 | 07/22/2013 | $136,018.18 | $7,519.81 | $30,604.09 | *** |
| | | | | $13,601.76 | * |
| | | | | $12,241.64 | ** |
| | 08/26/2013 | | | $ 6,800.91 | * |
| 03/31/2012 | 07/22/2013 | $139,335.71 | $3,790.64 | $18,591.41 | *** |
| | | | | $ 6,197.14 | ** |
| | 11/04/2013 | | | $ 8,657.06 | * |

\*       federal tax deposit penalty - IRC § 6656
\*\*      failure to pay penalty - IRC § 6651(a)(2)
\*\*\*     late filing penalty - IRC § 6651(a)

11. In addition to failing to pay its assessed Form 941 taxes, the IRS determined that T-N-T underreported its Form 940 taxes for the each of the years 2009 through 2011. On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against T-N-T (EIN XX-XXX3572) the Form 940 taxes for the tax periods indicated, plus applicable penalties and interest:

| Tax Period Ending | Date of Assessment | Tax | Interest | Penalties | |
|---|---|---|---|---|---|
| 12/31/2009 | 04/19/2010 | $ 2,930.59 | $ 12.32 | $ 61.80 | * |
|  |  |  |  | $ 293.06 | ** |
|  |  |  |  | $ 20.60 | *** |
|  | 05/24/2010 |  |  | $ 68.66 | ** |
|  | 11/21/2011 |  |  | $ 247.19 | *** |
|  | 03/05/2012 | $ 2,001.92 |  | $ 100.10 | * |
|  | 11/19/2012 |  |  | $ 235.68 | *** |
|  | 11/25/2013 |  |  | $ 240.23 | *** |
| 12/31/2010 | 03/21/2011 | $ 4,276.88 | $ 17.26 | $ 427.68 | ** |
|  |  |  |  | $ 42.77 | *** |
|  | 04/25/2011 |  |  | $ 213.84 | ** |
|  | 11/19/2012 |  |  | $ 833.99 | *** |
|  | 06/17/2013 | $19,790.30 |  | $ 1,979.03 | ** |
|  | 09/02/2013 |  |  | $ 989.52 | ** |
|  | 11/25/2013 |  |  | $ 1,181.97 | *** |
| 12/31/2011 | 04/16/2012 | $ 3,382.31 | $ 21.14 | $ 338.23 | ** |
|  |  |  |  | $ 50.73 | *** |
|  | 05/21/2012 |  |  | $ 169.12 | ** |
|  | 11/25/2013 |  |  | $ 625.74 | *** |
|  | 04/07/2014 | $24,579.58 |  | $ 2,457.96 | ** |
|  | 06/02/2014 |  |  | $ 1,228.98 | ** |
| 12/31/2012 | 07/22/2013 | $91,891.87 | $1,578.72 | $20,367.51 | * |
|  |  |  |  | $ 9,052.23 | ** |
|  |  |  |  | $ 2,715.67 | *** |
|  | 08/26/2013 |  |  | $ 4,526.11 | ** |

\*      late filing penalty - IRC § 6651(a)
\*\*     federal tax deposit penalty - IRC § 6656
\*\*\*    failure to pay penalty - IRC § 6651(a)(2)

5

12     Despite notices of the assessments and demands for payment, T-N-T has failed to fully pay the assessments described in paragraphs 10 and 11 above. As of May 29, 2015, T-N-T owes $1,378,703.77 on those assessments, plus penalties and interest that continue to accrue as provided by law.

13.    On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against TM Trucking (EIN XX-XXX1224) the Form 941 taxes for the tax periods indicated, plus applicable penalties and interest:

| Tax Period Ending | Date of Assessment | Tax | Interest | Penalties |
|---|---|---|---|---|
| 09/30/2012 | 01/07/2013 | $119,633.57 | $ 668.83 | $11,963.36 * |
|  |  |  |  | $ 1,794.50 ** |
|  | 02/18/2013 |  |  | $ 5,981.68 * |
| 12/31/2012 | 04/01/2013 | $ 92,986.23 | $ 459.68 | $ 9,298.62 * |
|  |  |  |  | $ 1,394.79 ** |
|  | 05/06/2013 |  |  | $ 4,649.31 * |
| 03/31/2013 | 09/09/2013 | $136,597.62 | $1,691.15 | $18,440.68 *** |
|  |  |  |  | $13,659.75 * |
|  |  |  |  | $ 3,414.94 ** |
|  | 10/14/2013 |  |  | $ 6,829.88 * |
| 06/30/2013 | 06/16/2014 | $129,020.19 | $4,211.90 | $21,641.33 *** |
|  |  |  |  | $ 7,976.54 * |
|  |  |  |  | $ 7,096.11 ** |
|  | 07/21/2014 |  |  | $ 6,451.01 * |
| 09/30/2013 | 06/16/2014 | $132,245.20 | $3,064.34 | $29,755.17 *** |
|  |  |  |  | $13,224.51 * |
|  |  |  |  | $ 5,289.81 ** |
|  | 07/21/2014 |  |  | $ 6,612.26 * |
| 12/31/2013 | 06/16/2014 | $135,551.85 | $1,729.34 | $18,299.50 *** |
|  |  |  |  | $13,555.17 * |
|  |  |  |  | $ 3,388.80 ** |
|  | 07/21/2014 |  |  | $ 6,777.59 * |
| 03/31/2014 | 07/28/2014 | $ 68,378.94 | $ 514.44 | $ 6,154.10 *** |
|  |  |  |  | $ 6,837.85 * |
|  |  |  |  | $   983.38 ** |
|  | 09/01/2014 |  |  | $ 2,995.85 * |

| 06/30/2014 | 05/18/2015 | $107,871.38 | $1,329.45 | $ 6,247.18  * <br> $ 2,194.67  ** <br> $11,497.52  *** |
| --- | --- | --- | --- | --- |
| 09/30/2014 | 05/18/2015 | $ 97,162.80 | $ 702.33 | $ 6,601.63  * <br> $ 1,189.27  ** <br> $ 8,911.29  *** |
| 12/31/2014 | 05/18/2015 | $ 95,654.46 | $ 798.54 | $ 9,565.45  * <br> $ 1,669.10  ** <br> $ 7,988.10  *** |

\*       federal tax deposit penalty - IRC § 6656
\*\*      failure to pay penalty - IRC § 6651(a)(2)
\*\*\*     late filing penalty - IRC § 6651(a)

14.     On May 6, 2013, a delegate of the Secretary of the Treasury assessed against TM Trucking (EIN XX-XXX1224) $2,908.75 for Form 940 taxes for the tax period ending December 31, 2012, plus $58.17 in penalties and $22.80 interest. On June 30, 2014, a delegate of the Secretary of the Treasury assessed against TM Trucking (EIN XX-XXX1224) $8,884.27 for Form 940 taxes for the tax period ending December 31, 2013, plus $2,309.92 in penalties and $125.08 interest, and an additional federal tax deposit penalty of $444.21 on August 4, 2014.

15.     Despite notices of the assessments and demands for payment, TM Trucking has failed to fully pay the assessments described in paragraphs 13 and 14 above. As of May 29, 2015, TM Trucking owes $1,388,642.53 on those assessments, plus penalties and interest that continue to accrue as provided by law.

B.     <u>Conduct Supporting Request for Injunctive Relief</u>

16.     As employers, T-N-T and TM Trucking are required by law to withhold from their employees' wages federal income and Federal Insurance Contributions Act ("FICA") taxes, and to pay over to the IRS those withholdings, along with the employer's own FICA taxes and

Federal Unemployment Tax Act ("FUTA") taxes (collectively, "employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

17.     T-N-T and TM Trucking are also required by law to make periodic deposits of withheld FICA taxes, as well as their share of employment taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations. 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3.  Nevertheless, since 2009, Tony McMillan's business has consistently failed to comply with these requirements.  For example, after making a deposit on July 13, 2009, T-N-T made no required deposit during any of the periods from September 2009 through December 2011.  After making Form 941 tax deposits for nine straight weeks from January 11, 2012, through March 7, 2012 (which were insufficient to pay all of the business' employment taxes for that quarter), and a Form 940 deposit on April 30, 2012, the business again failed to make any deposits until May 14, 2014.  Moreover, although TM Trucking has made some regular deposits in the past twelve months which have been applied to TM Trucking's Form 941 taxes, those deposits have been insufficient to satisfy its current liabilities in all of those periods except for the most recent quarter ending March 31, 2015.

18.     Tony McMillan's business has not only failed to pay over its share of employment taxes, but it has also routinely failed to pay over the federal income and FICA taxes withheld from employees' wages.

19.     T-N-T and TM Trucking are also required by law to file with the IRS Employer's Quarterly Federal Tax Returns (IRS Forms 941) and annual FUTA Tax Returns (IRS Forms 940) (collectively "employment tax returns"). 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1.

20.     Since the last quarter of 2011, McMillan's business has consistently failed to meet its obligations to file timely and accurate employment tax returns. T-N-T never filed its final two Form 941 returns—for the periods ending December 31, 2011, and March 31, 2012—or its Form 940 return for 2012, and the IRS had to compute and assess those liabilities from information it was able to gather. Likewise, TM Trucking's Form 941 returns from the last quarter of 2012 through the end of 2014 have all been either unfiled or late, and several of those quarters' liabilities were assessed by the IRS after it had to investigate the business' liabilities when the business did not file a return. In addition, the IRS determined that T-N-T's Form 940 returns for the years 2009 through 2011 underreported the taxes due by thousands of dollars.

21.     In addition to Defendants' repeated refusal to comply with simple filing, deposit, and payment obligations followed by other taxpayers, IRS personnel have repeatedly admonished, cautioned, and instructed McMillan and the businesses that they needed to become current on their filing and payment obligations with respect to employment taxes, but to no avail.

(a)     On March 23, 2011, IRS personnel met with McMillan at the offices of T-N-T. At that time, he was informed of T-N-T's mounting employment tax liabilities and of its requirement to make regular deposits of employment taxes. The IRS also notified him of possible consequences should the business remain noncompliant with its current employment tax deposit requirements. However, the business made no deposits from that date until January of the next year.

(b)     After the business failed to file returns for several quarters and had made no deposits of employment taxes for more than six months, IRS personnel again visited the business on October 25, 2012. During that visit, such personnel requested the

9

business pay its delinquent taxes and get into current compliance with its filing and deposit requirements. However, the business made no employment tax deposit until May, 2014, and remained sporadic in its filing.

(c) By letter dated November 29, 2012, the IRS notified T-N-T of its failure to make the required regular employment tax deposits and warned of possible consequences should T-N-T remain noncompliant, including enforced collection, or even a suit to enjoin it from continued noncompliance. However, the business continued to fail to comply with its employment tax deposit and filing requirements as described above.

(d) At a visit to the business on April 5, 2013, IRS personnel again directed Tony McMillan to cause the business to become compliant with its deposit and filing requirements, but to no avail.

(e) After McMillan failed to provide requested records pertaining to TM Trucking's unpaid federal employment tax liabilities, on November 19, 2013, the IRS served Tony McMillan with a summons requesting that information and requiring him to appear on December 20, 2013, at the IRS office assigned to collect those liabilities. However, he failed to appear or provide the requested information.

22. The IRS has been unable to collect the significant employment tax obligations of T-N-T and TM Trucking by other remedies available to it under the law. Levies issued by the IRS to banks where the businesses have had accounts have not resulted in sufficient payments to satisfy the businesses' mounting employment tax liabilities. Moreover, McMillan and his businesses continue to pay other expenses without satisfying their employment tax obligations.

10

The businesses also have inadequate assets to satisfy their employment tax obligations through avenues of collection such as seizure and distraint.  Finally, although McMillan has been assessed with trust fund penalties for a portion of the business' liabilities, he also has inadequate assets to fully satisfy the businesses' employment tax liabilities.

23.     Tony McMillan's businesses – i.e., T-N-T and TM Trucking – currently owe nearly $3 million in delinquent employment taxes.

## THE UNITED STATES IS ENTITLED TO AN INJUNCTION UNDER 26 U.S.C. § 7402(a)

24.     Section 7402(a) of the Internal Revenue Code (26 U.S.C.) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

25.     Tony McMillan and his business have substantially interfered with, and continue to substantially interfere with, the internal revenue laws by continually failing to pay employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, failing to make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157 and Treasury Regulation (26 C.F.R.) §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3, and failing to file returns as required by 26 U.S.C. § 6011 and Treasury Regulation (26 C.F.R.) § 31.6071(a)-1.  An injunction is appropriate and necessary to prevent continued violations.

26.     Tony McMillan, as the owner and/or operator of the business and the person responsible for its financial affairs, has substantially interfered with, and continues to substantially interfere with, the internal revenue laws by obstructing IRS efforts to collect those liabilities and continually failing to cause the business to pay its employment tax obligations

required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and to make its employment tax deposits as required by 26 U.S.C. §§ 6302, 6157 and Treasury Regulation (26 C.F.R.) §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3. An injunction is appropriate and necessary to prevent continued violations.

27. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by T-N-T, TM Trucking, or other businesses McMillan may open, on account of their business operations. Since the IRS first contacted McMillan in early 2011 about the business' non-compliance with its employment tax obligations, his business has failed to comply with federal law and has taken action to avoid its delinquent taxes while refusing to pay current liabilities. The United States has suffered and will continue to suffer irreparable harm as a result of T-N-T's, TM Trucking's, and McMillan's violation of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of the employees' FICA and income taxes for which the employees already have received credit; (b) the drain on limited IRS resources due to the extensive required oversight of this business; and (c) the harm to the system as a whole when competitors see the business' continued non-compliance with the very federal laws its competitors are following.

28. The harm suffered by the United States as a result of continuing pyramiding outweighs the harm suffered by McMillan and/or his business of being forced to comply with the law by timely paying employment tax obligations and filing employment tax returns.

29. An injunction in this case would serve the public good. As the efficacy of the federal income tax and Social Security system relies on employers to collect and remit income and FICA taxes paid by their employees, pyramiding undermines the most vital cog in our

system of tax collection. Additionally, by using tax money for his and the businesses' expenses, McMillan and his business exacts an involuntary subsidy on the taxpayers of the United States. An injunction would bring an end to this waste of taxpayer resources.

30. Furthermore, McMillan's and the businesses' obstruction and interference with internal revenue laws not only sends a poor message to a public comprised of compliant taxpayers, but provides him (and his business) with a competitive advantage over business competitors who in compliance with internal revenue laws pay federal employment taxes Defendants eschew.

31. In the absence of an injunction backed by the Court's contempt powers, Defendants are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States.

WHEREFORE, Plaintiff, United States of America, respectfully prays for the following:

A. That this Court find that Defendants T-N-T of York County, Inc., TM Trucking of the Carolinas, LLC, and Tony McMillan have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws;

B. That this Court find that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop the conduct described herein by T-N-T of York County, Inc., TM Trucking of the Carolinas, LLC, and Tony McMillan;

C. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction:

    (1) prohibiting Tony McMillan (individually and doing business under any other name or using any other entity), T-N-T of York County, Inc., TM Trucking of the Carolinas, LLC, and their representatives, agents,

        servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, from failing to withhold and pay over to the IRS all employment taxes, including federal income, FUTA, and FICA taxes, required by law;

(2)    requiring Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, to segregate and hold separate and apart from all other funds all monies withheld from employees or collected from others for taxes under any internal revenue laws of the United States and to deposit the monies so withheld and collected, as well as the employer's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

(3)    requiring Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, to deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

(4)    requiring Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, and any other individuals who are responsible for carrying out the duties established under paragraphs C(2) and (3), for a period of five years, to sign and deliver affidavits to the Internal Revenue Service Revenue Officer Patricia Terry at 10715 David Taylor Dr., Charlotte, North Carolina, 28262 or to such other specific location as directed by the IRS, no later than the twentieth day of each month, stating

       that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

(5) requiring Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, to timely file all Form 941 and 940 tax returns with the IRS at 10715 David Taylor Dr., Charlotte, North Carolina, 28262, or to such other specific location as directed by the IRS;

(6) requiring Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, to timely pay all required outstanding liabilities due on each tax return required to be filed;

(7) prohibiting Tony McMillan, T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, from assigning any property or rights to property or making any disbursements before paying all required outstanding liabilities due on each tax return required to be filed going forward from the date of the injunction; and

(8) requiring Tony McMillan to notify the IRS in the future of any new company he may come to own, manage, or work for in the next five years.

D. That this Court retain jurisdiction over this case to ensure compliance with this injunction; and

      E.      That this Court grant the United States such other relief, including costs, as is just and equitable.

> Respectfully submitted,
>
> CAROLINE D. CIRAOLO
> Acting Assistant Attorney General
>
> MICHAEL W. MAY
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 14198
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 616-1857
> Facsimile: (202) 514-9868
> Email: Michael.w.may@usdoj.gov
>
> – and –
>
> WILLIAM N. NETTLES
> United States Attorney
> District of South Carolina
>
> By:   *s/ J. Douglas Barnett*
>       J. DOUGLAS BARNETT (#2144)
>       Assistant United States Attorney
>       1441 Main Street, Suite 500
>       Columbia, South Carolina 29201
>       Telephone: (803) 929-3000
>       Facsimile: (803) 252-2759
>       E-mail: doug.barnett@usdoj.gov

June 11, 2015